# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **DELTA RETAIL 45, LLC** | **CIVIL ACTION NO. 08-1548** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **LARRY G. COX, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is a motion for a temporary restraining order and preliminary injunction [Doc. No. 2] filed by Plaintiff Delta Retail 45, LLC ("Delta Retail") against Defendants Madison Parish Sheriff Larry G. Cox, Chief Criminal Deputy Sammie Byrd, Madison Parish District Attorney James E. Paxton, Louisiana State Police Detective Todd Cummings, and Louisiana State Police Superintendent Col. Michael D. Edmonson (collectively referred to as "Defendants"). Delta Retail requests a temporary restraining order and preliminary injunction (1) requiring Defendants to return all of the property that was seized from its premises, as well as any copies of seized material, and (2) enjoining Defendants from prosecuting it for alleged violations of Louisiana's obscenity statute, LA. REV. STAT. § 14:106.

Also pending before the Court is a Motion for Summary Judgment [Doc. No. 15] filed by Defendants, contending that there are no genuine issues of material fact and that Delta Retail's complaint must be dismissed pursuant to the *Younger v. Harris*, 401 U.S. 37 (1971), abstention doctrine.

For the following reasons, Defendants' Motion for Summary Judgment is GRANTED, and Delta Retail's claims are DISMISSED WITHOUT PREJUDICE. Delta Retail's motion for a

temporary restraining order and preliminary injunction is DENIED AS MOOT.

## I.     FACTS AND PROCEDURAL HISTORY

On September 22, 2008, State District Court Judge Michael Lancaster of the Sixth Judicial District Court for the Parish of Madison, Louisiana, signed a warrant authorizing the search and seizure of various materials inside the "The Lion's Den," a business owned and operated by Delta Retail. The Lion's Den sells sexually-oriented magazines, DVDs, videotapes, and other sundries in Delta/Tallulah, Louisiana.

On September 23, 2008, the Madison Parish Sheriff's Department and the Louisiana State Police executed a search warrant on the premises of The Lion's Den. Defendants seized virtually all of the business records in the store, three computers used in the business's operation, and more than 9,000 DVDs, videotapes, and magazines.

On October 16, 2008, Delta Retail filed a complaint in this Court, seeking declaratory and injunctive relief. [Doc. No. 1]. Delta Retail alleges that its First, Fourth, and Fourteenth Amendment rights were violated. Delta Retail also filed a motion for a temporary restraining order and preliminary injunction based on the alleged constitutional violations. [Doc. No. 2].

On October 20, 2008, the Court held a telephone status conference with counsel for all parties. [Doc. No. 10]. The Court instructed Defendants to file memoranda of law in response to Delta Retail's motion by October 23, 2008.

On October 21, 2008, State District Court Judge John Crigler of the Sixth Judicial District Court for the Parish of Madison, Louisiana, signed arrest warrants for five individuals in connection with the sale of the allegedly obscene material seized at The Lion's Den.[1] [Doc. No. 15, Exh. A].

---

[1] The individuals are Daniel Anders, Mitzi Banks, Ashley Pierce, Crystal Amerine, and a "John Doe."

On October 22, 2008, James E. Paxton, in his capacity as the Madison Parish District Attorney, instituted formal charges against these individuals in the Sixth Judicial District Court, Parish of Madison, Louisiana, by filing Bills of Information. [Doc. No. 15, Exh. B].

On October 23, 2008, Defendants filed a Motion for Summary Judgment [Doc. No. 15] and a memorandum in opposition [Doc. No. 16] to Delta Retail's motion for a temporary restraining order and preliminary injunction. Delta Retail filed a memorandum in opposition to the Motion for Summary Judgment. [Doc. No. 17].

## II.     LAW AND ANALYSIS

Defendants contend that, since a state criminal prosecution has commenced, the Court must abstain and dismiss Delta Retail's complaint under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). The Court agrees.

"Under the broad proscriptions of *Younger v. Harris* and its companion cases, a federal district court presumptively must abstain from granting either injunctive or declaratory relief when state criminal actions or certain categories of state civil proceedings are pending against the federal plaintiff at the time that federal action is commenced" or are "instituted before any action of substance has commenced in the federal proceeding." *De Spain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984) (citing *Younger*, 401 U.S. at 37).

"There is a three-prong test for determining whether the *Younger* abstention doctrine is applicable: (1) the dispute must involve an ongoing state judicial proceeding, (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges." *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004) (quotations and citations omitted).

In this case, the Court finds that all three of the *Younger* abstention factors have been met. First, the Court finds that an ongoing state judicial proceeding has been instituted. Whether a state proceeding exists depends, in part, on how a proceeding is defined by state law. *See id.* (analyzing state law definition of grand jury proceedings to determine when a state proceeding has commenced for *Younger* purposes). In Louisiana, a criminal prosecution is "instituted by indictment or by information." LA. CODE CRIM. PROC. art. 382. Once a criminal prosecution has been instituted, *Younger* abstention is appropriate because "the federal plaintiff [has] an opportunity to present its constitutional defenses at some point during the on-going proceeding." *Craig v. Barney*, 678 F.2d 1200, 1201 (4th Cir. 1982); *see also Tex. Assoc. of Bus.*, 388 F.3d at 521 (holding that a grand jury proceeding constitutes an ongoing proceeding because it "provid[es] a judicial forum in which to raise constitutional issues"); *see also Younger*, 401 U.S. at 37 (holding that abstention was required when an indictment or formal charge had been filed against the party seeking relief at the time the federal complaint was filed); *Samuels v. Mackell*, 401 U.S. 66 (1971) (same). On October 22, 2008, the Madison Parish District Attorney instituted a criminal prosecution of five Delta Retail employees by filing Bills of Information. [Doc. No. 15, Exh. B].

Although the criminal prosecution was instituted after Delta Retail filed its federal complaint, no "proceeding of substance on the merits" has taken place in this Court that would justify exercising federal jurisdiction. *Hicks v. Miranda*, 422 U.S. 332, 349 (1975); *see also Doran v. Salem Inn, Inc.*, 422 U.S. 922, 929 (1975) (holding that *Younger* abstention applies if "the federal litigation [i]s in an embryonic state and no contested matter ha[s] been decided"). In both *Hicks* and *Doran*, the criminal prosecution was instituted one day after the federal complaint was filed. In this case, the criminal prosecution was instituted six (6) days after Delta Retail filed its federal complaint. Given

the short period of time between the commencement of this action and the state criminal proceedings, the Court finds that abstention is proper.

Second, because "[t]he state has a strong interest in enforcing its criminal laws. . . .[,] [t]he *Younger* doctrine establishes a presumption that the federal courts should abstain in cases in which a state criminal proceeding is pending." *De Spain*, 731 F.2d at 1176.

Third, the state criminal proceedings provide Delta Retail with an adequate opportunity to raises its constitutional claims via the prosecution of its employees. *See Hicks*, 422 U.S. at 348–49 (In nearly identical circumstances as this case, the Supreme Court held that the interests of the federal plaintiffs, the owners of the allegedly obscene material that had been seized, and their employees, who faced state criminal charges, "were intertwined"; "Absent a clear showing that [the federal plaintiffs] . . . could not seek the return of their property in the state proceedings and see to it that their federal claims were presented there, the requirements of *Younger v. Harris* could not be avoided.").

"If th[e *Younger* abstention] test is met, then a federal court may only enjoin a pending state criminal court proceeding if certain narrowly delimited exceptions to the abstention doctrine apply." *Tex. Assoc. of Bus.*, 388 F.3d at 519. Specifically, courts may disregard the *Younger* doctrine when: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is patently unconstitutional, or (3) application of the doctrine was waived. *Id.* (citing *Younger*, 401 U.S. at 49).

The Court finds that none of the exceptions to the *Younger* doctrine preclude abstention in this case. Defendants have not waived abstention. Delta Retail has not shown that the State is acting in bad faith. Nor has Delta Retail shown that the obscenity statute is "flagrantly and patently

violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at 53–54.

Accordingly, Defendants' Motion for Summary Judgment is GRANTED, and Delta Retail's claims against Defendants are DISMISSED WITHOUT PREJUDICE in favor of the State of Louisiana's exercise of its jurisdiction in this matter.[2]

## III.  CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment filed by Defendants Madison Parish Sheriff Larry G. Cox, Chief Criminal Deputy Sammie Byrd, Madison Parish District Attorney James E. Paxton, Louisiana State Police Detective Todd Cummings, and Louisiana State Police Superintendent Col. Michael D. Edmonson [Doc. No. 15] is GRANTED, and Plaintiff Delta Retail 45, LLC's ("Delta Retail") claims are DISMISSED WITHOUT PREJUDICE.

Delta Retail's motion for a temporary restraining order and preliminary injunction [Doc. No. 2] is DENIED AS MOOT.

MONROE, LOUISIANA, this 24th day of October, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[2]Delta Retail requests only declaratory and injunctive relief in its Complaint. [Doc. No. 1]. Delta Retail has not argued that its Complaint states a claim for monetary relief sufficient to justify the retention of federal jurisdiction. *See Deakins v. Monaghan*, 484 U.S. 193 (1988) (holding that federal district courts have no discretion to dismiss rather than stay an action for monetary relief that cannot be remedied in state court).